# Matter of Karen Paola ARANA CASTILLO, et al., Respondents

*Decided by Board March 12, 2026[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where the respondents appear at an initial master calendar hearing, but the Department of Homeland Security does not, the Immigration Judge errs in terminating proceedings without taking the respondents' pleadings to the notices to appear.

FOR THE RESPONDENTS:  Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Pierre E. Leandre, Assistant Chief Counsel

BEFORE:  Board Panel:  RADICS, Deputy Chief Appellate Immigration Judge; GALLOW and HANSELL, Appellate Immigration Judges.

HANSELL, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the Immigration Judge's February 8, 2024, decision terminating these removal proceedings without prejudice.  The respondents have not responded to the appeal.  The appeal will be sustained, and the record will be remanded for further proceedings.

The respondents were placed into removal proceedings after being served with notices to appear charging each of them with removability under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2018).  The respondents were present at the initial master calendar hearing held on February 8, 2024, but DHS was not.  The Immigration Judge issued an order terminating proceedings, finding she was unable to sustain the charge of removability because DHS did not meet its respective burden.  The Immigration Judge did not attempt to take pleadings nor did she ask the respondents if they were seeking termination of their proceedings; rather, she sua sponte terminated proceedings based on DHS'

---

[1]  Pursuant to Order No. 6755-2026, dated April 23, 2026, the Acting Attorney General designated the Board's decision in *Matter of Arana Castillo and Solano Arana* (BIA Mar. 12, 2026), as precedent in all proceedings involving the same issue or issues.  *See* 8 C.F.R. § 1003.1(g)(3) (2026).  Editorial changes have been made consistent with the designation of the case as a precedent.

failure to appear and corresponding inability to establish the respondents' alienage.

We agree with DHS that termination was not warranted under the circumstances of this case.[2] Because the respondents appeared at the hearing, the Immigration Judge was obligated to take their pleadings to the notices to appear as contemplated in 8 C.F.R. § 1240.10 (2026).[3] Specifically, the Immigration Judge "shall require the respondent[s] to plead to the notice[s] to appear." 8 C.F.R. § 1240.10(c). The respondents may admit or deny the factual allegations and charge(s). 8 C.F.R. § 1240.10(c). If they deny the charge(s), or the Immigration Judge finds that issues of law or fact remain, then the Immigration Judge "shall request the assignment of DHS counsel[] and shall receive evidence as to any unresolved issues." 8 C.F.R. § 1240.10(d). The Immigration Judge did not follow these provisions. Therefore, we will reverse the decision of the Immigration Judge and remand the record to the Immigration Court for further proceedings to include taking pleadings from the respondents.

**ORDER:** DHS' appeal is sustained and the decision of the Immigration Judge terminating proceedings is vacated.

**FURTHER ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with this opinion.

---

[2] DHS did not file a separate brief as indicated in the notice of appeal.

[3] By contrast, if the respondents did not appear in Immigration Court, then this regulation would have no bearing. *See Matter of Tepec-Garcia*, 29 I&N Dec. 371, 372 (BIA 2025).